08-4032-cv(L)
Ferk v. Omniglow Corporation

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HERMANN GEIER, survivor of Nov. 11, 2000 Kaprun fire, BIRGIT GOTZ, survivor of the Nov. 11, 2000 Kaprun fire, ROLAND MAYERHOFER, survivor of Nov. 11, 2000 Kaprun fire, JOOP H. STADMAN, father of Barry Stadman killed in Nov. 11, 2000 Kaprun fire, ERWIN GOTZ, survivor of Nov. 11, 2000 Kaprun fire, MANFRED HILTEL, survivor of Nov. 11, 2000 Kaprun fire, MARKUS HILTEL, survivor of Nov. 11, 2000 Kaprun fire, THOMAS KRAUS, survivor of Nov. 11, 2000 Kaprun fire, ELAINE MAYERHOFER, survivor and

---

* The Honorable Guido Calabresi recused himself from participation in the decision of this case, which is decided by the remaining members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

relative of Karl and Barbara Mayerhofer (both killed in Nov. 11, 2000 Kaprun fire), MARIA MAYERHOFER-KARG, mother of Karl Mayerhofer (killed in Nov. 11, 2000 Kaprun fire), AGNES WOLF, survivor of Nov. 11, 2000 Kaprun fire,

*Plaintiffs-Appellants,*

v.

OMNIGLOW CORPORATION, OMNIGLOW L.P., OMNIGLOW MANAGEMENT LLC, SCIENS CAPITAL PARTNERS L.P., GMS ACQUISITION PARTNERS LLC, CYALUME TECHNOLOGIES INC., OMNIGLOW LLC, HYDAC TECHNOLOGY CORP., SIEMENS TRANSPORTATION SYSTEMS, INC., BOSCH REXROTH CORPORATION, OMNIGLOW LIMITED PARTNERS OF NY, WIKA INSTRUMENT CORPORATION, EXXON MOBIL CORPORATION,

*Defendants-Appellees.***

Nos.   08-4032-cv(L)
08-4090-cv(con)
08-4097-cv(con)
08-4153-cv(con)
08-4160-cv(con)
08-4407-cv(con)
08-5443-cv(con)
08-5460-cv(con)
08-5515-cv(con)
08-5516-cv(con)
08-5518-cv(con)
08-5526-cv(con)
09-2080-cv(con)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**    JAMES F. LOWY, Lowy Law Firm, LLC, Tampa, FL

**FOR DEFENDANTS-APPELLEES:**    BRANDT W. BISHOP, (Robert B. Gilmore and Lee Rudofsky, *on the brief*), Kirkland & Ellis LLP, Washington, DC, *for Siemens Transportation Systems, Inc.*

Nancy Ledy Gurren, Ledy-Gurren Bass & Siff, LLP, New York, NY, *for Hydac Technology Corp*

Eileen McCabe, Mendes & Mount LLP, New York, NY, *for Wika Instrument Corporation*

Arnd N. von Waldow, Reed Smith LLP, Pittsburgh, PA, *for Bosch Rexroth Corporation and Robert Bosch Corporation*

Audrey Cumming (John F. Tulley and Robert

**The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

2

Owen, *on the brief*), Fulbright & Jaworski LLP, New York, NY, *for Exxon Mobil Corporation*

E. Gordon Haesloop, Bartlett, McDonough, Bastone & Monaghan, Mineoloa, NY, *for Omniglow Corporation*

Appeal from a judgment of the United States District Court for Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants ("plaintiffs") appeal from an order of the District Court dated June 19, 2007, dismissing their claims on the basis of the doctrine of *forum non conveniens*. These consolidated appeals concern claims that arise from the tragic ski train fire in Kaprun, Austria, that killed 155 passengers on November 11, 2000. Plaintiffs, none of whom are citizens or residents of the United States, argue that the District Court erred in the following respects: (1) by according too little deference to plaintiffs' choice of a forum in New York, (2) by concluding that plaintiffs' claims would not be time-barred in Austria, (3) by finding that Austria is an adequate alternative forum despite alleged evidence of bias, (4) by concluding that the balance of public and private factors favors continuing the litigation in Austria, (5) by failing to place certain conditions on its dismissal, and (6) by failing to rule on, or treating as withdrawn, plaintiffs' motions for reconsideration. We assume the parties' familiarity with the remaining factual and procedural history of this case.

We review a dismissal under the doctrine of *forum non conveniens* for abuse of discretion. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision "(1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003) (citation omitted).

Here, we find no error in the District Court's thorough and careful *forum non conveniens* analysis. *See In re Ski Train Fire in Kaprun Austria on November 11, 2000*, 499 F. Supp. 2d 437 (S.D.N.Y. 2007). The Court properly found that plaintiffs' choice of forum was entitled to "very little deference" based on (1) the fact that they chose to litigate in a foreign forum and (2) the "strong inference that forum shopping motivated" their decision to sue in the United States. *Id.* at 444-46; *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) ("When the plaintiff is foreign" the assumption that its chosen U.S. forum is convenient "is much less reasonable."); *Iragorri v. United*

3

*Technologies Corp.*, 274 F.3d 65, 73 (2d Cir. 2001) (en banc) ("[W]e give . . . diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage.").

With respect to their claim that Austria is an inadequate forum, we conclude that plaintiffs have waived any argument that their claims would be barred by applicable statutes of limitations in Austria. Not only did plaintiffs not raise this issue before the District Court, they argued precisely the *opposite* in opposing defendants' motion to dismiss. *See In re Ski Train Fire*, 499 F. Supp. 2d at 443 n.35 (noting that "plaintiffs do not allege that their claims must be brought in the United States because they would be time-barred in Austria"); *see also Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").[1] Nor are we persuaded that Austria is an inadequate alternative forum by plaintiffs' allegations of corruption and bias. *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 73 (2d Cir. 1998) ("[C]onsiderations of comity preclude a court from adversely judging the quality of a foreign justice system absent a showing of *inadequate procedural safeguards*." (emphasis added)); *Blanco v. Banco Indus. de Venez., S.A.*, 997 F.2d 974, 982 (2d Cir. 1993) ("[I]t is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation." (internal quotation marks omitted)). As the District Court observed, "the fact that *all* foreign plaintiffs presently are pursuing actions in Austrian courts arising out of the ski train fire dramatically undercuts any argument . . . that Austrian courts have 'already pre-judged the victim[s] claims.'" *See In re Ski Train Fire*, 499 F. Supp. 2d at 447.[2]

We also find no error in the District Court's careful weighing of the public and private convenience factors and its conclusion that those factors weigh in favor of dismissal for *forum non conveniens*. *See id.* at 447 (discussing private convenience factors and noting that "[n]o relevant events occurred in the United States, no relevant evidence is located in this country, and most key defendants and key witnesses (including most plaintiffs) are found in Austria or elsewhere in Europe"); *id.* at 451 (discussing public convenience factors and noting that "Austria's interest in all Kaprun-related litigation is far greater than New York's interest" and that "it is a virtual certainty

---

[1] The fact that plaintiffs raised this argument in their July 31, 2007 motion for reconsideration is of no avail. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, Inc.*, 322 F.3d 147, 159 (2d Cir. 2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration.").

[2] Even taking into account the voluminous media reports that plaintiffs have attached to their eight motions to augment the record, we are not convinced that Austrian courts are so inherently biased as to render Austria an inadequate forum for plaintiffs' claims. If anything, those reports suggest just how seriously Austria is treating accusations of wrongdoing on the part of experts in the criminal trial arising from this incident.

4

that Austrian law will govern most issues in these cases" (internal quotation marks omitted)).[3]

Plaintiffs assert that the District Court erred by dismissing their claims without requiring defendants to waive any statute of limitations defense in Austria or to consent to jurisdiction in Austria. As discussed above, plaintiffs argued in the District Court that their claims were *not* time-barred in Austria and therefore it was not error for the District Court to dismiss plaintiffs' claims without requiring defendants to waive any statute of limitations defense. Moreover, the District Court did not "abuse its discretion" by finding that "[Siemens Transportation Systems], along with other defendant corporations, have foreign affiliates that are much more closely linked to the allegedly tortious conduct spelled out in plaintiffs' complaints, and . . . these foreign affiliates would be subject to the jurisdiction of an Austrian court." *See id.* at 447 n.71.[4]

Finally, we find no error in the District Court's handling of plaintiffs' various motions brought pursuant to Fed. R. Civ. P. 60(b). The District Court's denial of plaintiffs' June 2008 motion as untimely was more than justified, as the motion concerned an order entered over one year before. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Nor did the District Court err in refusing to rule on plaintiffs' January 2007 motion for reconsideration—which concerned the prior dismissal of another defendant for lack of personal jurisdiction—before dismissing all of these consolidated appeals on *forum non conveniens* grounds. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) ("[A] district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection," including subject matter jurisdiction or personal jurisdiction.).

---

[3] Since the District Court's decision, a global settlement of all claims related to the Kaprun fire—including plaintiffs' claims at issue here—has purportedly been reached. Defendants assert that this settlement renders the current appeal moot. Plaintiffs respond that the settlement was entered into under duress and was procured by fraud. Regardless of whether the settlement is enforceable against plaintiffs, it appears that any issues relating to it will be governed by *Austrian law*, thus further suggesting that Austria is the appropriate forum to resolve this dispute.

[4] Notably, in arguing that Austria is not an adequate forum, plaintiffs do not raise the issue of jurisdiction over the defendants. Moreover, they offer only the conclusory statement that "[t]here is great concern that Defendants are not subject to the jurisdiction of Austrian courts," Appellant's Br. 44, to support their argument that conditional dismissal was required.

5

**CONCLUSION**

We have considered all of plaintiffs' arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court


By _____